UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

REGINALD ANTWON TAYLOR )
)
v. ) 1:09-cv-24/1:04-cr-177
) *Edgar*
UNITED STATES OF AMERICA )

**MEMORANDUM**

Defendant Reginald Antwon Taylor ("Taylor") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Crim. Court File No. 49). Taylor pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d) and § 2(a) & (b), and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & § 2(a) & (b). A § 2255 motion is subject to a one-year limitation period that generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Taylor's § 2255 motion has been filed outside of the one-year statute of limitations. Although Taylor's motion is confusingly pled, as the Court discerns his allegations, he contends he is entitled to have the one-year statute of limitations equitably tolled because he is actually innocent of both crimes for which he stands convicted. Taylor contends he is actually innocent because the Court lacked subject matter jurisdiction over his federal criminal cases.

After reviewing the record and the applicable law the Court concludes Taylor's claim that he is actually innocent because the Court lacked jurisdiction over his federal criminal case is frivolous and his § 2255 motion will be **DENIED** as time-barred (Court File No. 49).

**I.    One-Year Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there

1

is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Taylor was sentenced to a term of imprisonment for 125 months on September 26, 2005, after pleading guilty to one count of armed bank robbery and one count of brandishing a firearm during a crime of violence. Taylor did not pursue an appeal. His judgment was entered on October 7, 2005.

Taylor had one year from the time his judgment of conviction became final to file his § 2255 motion. Taylor's § 2255 motion was stamped filed by the District Court Clerk on January 27, 2009, and Taylor declared, under penalty of perjury, the § 2255 motion was true and correct, and that he placed the § 2255 motion in the prison mailing system when he executed it on January 22, 2009. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Accordingly, the Court will treat the motion as filed on January 22, 2009.

This Court must determine if Taylor's § 2255 motion was filed outside the applicable one year statute of limitations period. Therefore, the Court must first determine when Taylor's judgment of conviction became final. "For the purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, No. 01-1481 (6th Cir. 2001)(UNPUBLISHED), *available at* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If the defendant does not take a direct appeal, the judgment of conviction is final on the date on which the time for filing an appeal expired. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002).

On September 26, 2005, Taylor was sentenced to a term of imprisonment for violation of 18 U.S.C. § 2113(a) & (d) and § 2(a) & (b), armed bank robbery, and 18 U.S.C. § 924(c)(1)(A)(ii) & § 2(a) & (b), brandishing a firearm during a crime of violence. His judgment was entered on

October 7, 2005. Taylor did not file an appeal. Therefore, his conviction was final after the ten-day appeal period had expired, *i.e.*, October 21, 2005, and one year from the date his judgment of conviction became final was October 23, 2006.[1] Consequently, since his § 2255 motion was file on January 22, 2009, his § 2255 motion is not timely.

Although Taylor's § 2255 motion is time-barred by the statute of limitations, he asserts that the one-year limitation period should be tolled because he is actually innocent of the crimes for which he stands convicted because the Court lacked jurisdiction over his case.

## II.    Jurisdiction

Initially, the Court observes that when the sentencing court lacks jurisdiction, Title 28 U.S.C. § 2255 specifically provides relief for such circumstances. Failure to present a jurisdictional argument at a prior stage of the proceedings does not prevent Taylor from collaterally attacking the sentence under § 2255. *See Thor v. United States,* 554 F.2d 759 (5th Cir. 1977). Likewise, Taylor's guilty plea to a federal offense does not waive a lack of subject matter jurisdiction. *See United States v. Gotches,* 547 F.2d 80, 82 (8th Cir. 1977); *United States v. Broncheau,* 597 F.2d 1260,1262 n.1 (9th Cir.), *cert. denied,* 444 U.S. 859 (1979).

However, neither the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") nor federal law contains an exception to the application of the one-year period of limitation for claims based on alleged jurisdictional deficiencies. Section 2255 of Title 28 provides that claims which allege "that the court was without jurisdiction to impose such sentence" may be raised in a § 2255 motion and that "[a] 1-year period of limitation shall apply" to such motion. 28

---

[1]    The 365th day fell on Saturday, October 21, 2006, therefore the one year statute of limitations for filing a § 2255 motion expired on Monday, October 23, 2006.

U.S.C. § 2255(a),

(f). Nothing in the language of § 2255 suggests that jurisdictional challenges are exempt from the one-year statute of limitation.

Furthermore, the record does not contain any evidence that would permit the limitation period to run later than one year after the date on which his conviction became final. Specifically, Taylor does not allege and the record does not contain any evidence that any government impediment existed which prevented Taylor from raising his jurisdictional claim in a timely manner; the jurisdictional claim is based on a constitutional right newly recognized by the Supreme Court; or the jurisdictional claim is based on facts that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). Additionally, the factual predicate for the jurisdictional claim was available to Taylor at the time of his conviction and during the time in which he could have filed a timely § 2255 motion. Consequently, the jurisdiction claim, which fails to meet any of the exceptions to determining finality of judgment contained in 28 U.S.C. § 2255 is time-barred by the one-year statute of limitation applicable to Taylor's § 2255 motion. Nevertheless, even assuming the claim is properly before the Court, Taylor has failed to state a claim which entitles him to relief under § 2255.

As the Court understands Taylor's specific argument, he contends that because Congress did not expressly consent to the government having jurisdiction to prosecute federal criminal cases in Tennessee, the robbery and brandishing of a weapon could only be prosecuted under the Tennessee code, and therefore, the Court lacked jurisdiction to dispose of his federal criminal charges, rendering him actually innocent of the federal crimes. In support of his jurisdictional argument,

4

Taylor cites *Adams v. United States*, 319 U.S. 312 (1943). Taylor's reliance on *Adams* is misplaced. The *Adams* case involved a very narrow issue of the jurisdiction for the trial of three soldiers for the rape of a civilian woman which occurred within the confines of a government military camp in Louisiana. Although Louisiana had enacted a statute authorizing the government to use the land as a military camp, the government had not given notice of acceptance of jurisdiction over the land acquired by it in Louisiana as required by the Act. The Court determined that concurrent jurisdiction could be acquired only by the formal acceptance prescribed by the Act and since the government had not accepted jurisdiction as required by the Act, the federal district court was without jurisdiction to adjudicate alleged criminal acts that occurred there. *Id.* Unlike *Adams*, Taylor's case does not deal with military property or property over which the government was required to formally accept jurisdiction. *Adams* has no applicability to the instant case involving an indictment for a federal offense which occurred in the State of Tennessee.

Taylor's contention that the United States lacked territorial jurisdiction to prosecute him for crimes committed in Tennessee is simply incorrect. Taylor mistakenly argues that because the state did not transfer jurisdiction to the federal government, the federal government possessed no jurisdiction over any area within the state. Title 18 U.S.C. § 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." When a federal law is violated, the permission of the state where the offender committed his crime against the United States is not a prerequisite for the United States to exercise that jurisdiction. *See United States v. Sitton,* 968 F.2d 947, 953 (9th Cir. 1992), *cert. denied,* 507 U.S. 929 (1993); *United State v. Blevins,* 999 F.2d 540 (6th Cir. July 6, 1993), *available at* 1993 WL 243765, at *1 ("Federal courts have exclusive jurisdiction over offenses

5

against the laws of the United States . . .; the permission of the states is not a prerequisite to exercise of that jurisdiction.") (internal quotations and citations omitted). Thus, the question of ownership of property on which the offense occurred is not to be considered when the crime is specifically prohibited by federal criminal statutes. *See United States v. Burchett*, 12 F.3d 214 (6th Cir. 1993), *available at* 1993 WL 473689, *1. Consequently, the federal government has jurisdiction to prosecute federal offenses committed in Tennessee and pursuant to 28 U.S.C. § 123, which provides that the jurisdiction of the Eastern District of Tennessee includes Hamilton County, Tennessee (where Taylor's crimes were committed), this Court had jurisdiction over Taylor's criminal proceedings.

Taylor argues he is actually innocent of armed bank robbery and brandishing a weapon because the government lacked jurisdiction to prosecute him and the Court lacked jurisdiction to preside over his criminal proceedings. Importantly, Taylor does not deny that he robbed a bank or brandished a weapon during the bank robbery. Taylor's claim of innocence has no merit. '[A]ctual innocence means factual innocence and not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations and citations omitted). To demonstrate actual innocence as a gateway to permit a court to reach a defaulted claim, a § 2255 movant is required to present *new evidence* of his innocence that establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006). This standard is "demanding and permits review only in the extraordinary case." *Id.* (Internal citations and quotation marks omitted).

A freestanding claim of actual innocence is an attempt to prove his innocence outright. *See House*, 547 U.S. at 554-55; *see also Herrera v. Collins*, 506 U.S. 390, 417 (1993) (recognizing the

6

possibility of a freestanding actual innocence claim). Nevertheless, a freestanding claim of actual innocence has never been explicitly recognized by the Supreme Court. *House*, 547 U.S. at 555 (concluding "that whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it."). The *House* Court did, however, establish that the standard for any freestanding innocence claim would be "'extraordinarily high.'" *Id. (*quoting *Herrera*, 506 U.S. at 417). Although the Court did not further explain the "extraordinarily high" standard, it did indicate the standard for a freestanding claim would be higher than the standard for a successful gateway innocence claim. *Id.* ("The sequence of the Court's decisions in *Herrera* and *Schlup*—first leaving unresolved the status of freestanding claims and then establishing the gateway standard—implies at the least that *Herrera* requires more convincing proof of innocence than *Schlup*.). Thus, if Taylor is unable to meet the gateway standard, there is no doubt that he will be unable to meet the freestanding standard.

In this case, Taylor's claim of actual innocence is not based on any new evidence or a denial that he robbed a bank and brandished a firearm. Instead of presenting any new, reliable evidence that would demonstrate his factual innocence, Taylor merely asserts the Court lacked jurisdiction to adjudicate his federal criminal case because his acts amounted to a state crime rather than a federal crime. Thus, Taylor has not demonstrated he is actually innocent so as to overcome the procedural default of his jurisdiction claim. Moreover, as explained *supra*, Taylor's allegation that the Court lacked jurisdiction is simply incorrect and without merit; thus, he has not established a freestanding innocence claim. The Court properly exercised jurisdiction over Taylor's federal criminal cases because, as previously stated, federal courts have exclusive jurisdiction over offenses against the laws of the United States, and when a federal law is violated, the permission of the state

where the offender committed his crime against the United States is not a prerequisite for the United States to exercise that jurisdiction. Consequently, Taylor's claim of actual innocence entitles him to no relief under § 2255.

In summary, this Court clearly had jurisdiction over the case because it involved offenses against the laws of the United States. Thus, the Court properly exercised jurisdiction over Taylor's offenses and this claim does not entitle him to any relief under 28 U.S.C. § 2255. Accordingly, since Taylor claims the Court's lack of jurisdiction over his case renders him actually innocent, and because the Court has concluded that Taylor's jurisdictional claim is frivolous since the Court properly exercised jurisdiction, Taylor's innocence claim necessarily fails and his § 2255 motion will be **DENIED** as time-barred (Court File No. 49).

An appropriate order will enter.

        */s/ R. Allan Edgar*
        R. ALLAN EDGAR
      UNITED STATES DISTRICT JUDGE